UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JAMES RICHARD VIAN, | 6:12-cv-600-TC |
| Plaintiff, | |
| v. | ORDER TO PROCEED IN FORMA PAUPERIS AND FINDING AND RECOMMENDATION TO DISMISS |
| BARACK HUSSIEN OBAMA II, aka PRESIDENT BARACK OBAMA, | |
| Defendant. | |

COFFIN, Magistrate Judge:

Plaintiff's application to proceed in forma pauperis (#1) is granted. I recommend, however, that this court dismiss plaintiff's complaint, without service of process on the basis that it is frivolous. 28 U.S.C. § 1915(e)(2).

**Standard**

A court may dismiss a complaint filed in forma pauperis without service of process if it is deemed frivolous under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Id. at 325; Lopez v. Dept.

Page 1 - ORDER TO PROCEED IN FORMA PAUPERIS AND FINDING AND RECOMMENDATION TO DISMISS

of Health Serv., 939 F.2d 881, 882 (9th Cir. 1991). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). Thus, a complaint may only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In reviewing a complaint under section 1915, a court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiffs, and resolve all doubts in the plaintiffs' favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## Discussion

Plaintiff alleges that United States President Barack Obama violated his oath of office by signing legislation: (1) requiring plaintiff to obtain health insurance that included coverage for birth control and abortion services; and (2) funding Planned Parenthood. It is well settled that the President is absolutely immune for damages that is part of the President's official duties. Forrester v. White, 484 U.S. 219, 225 (1988); Nixon v. Fitzgerald, 457 U.S. 731, 756-58 (1982); Fry v. Melaragno, 939 F.2d 832, 836 (9th Cir. 1991); cf. Clinton v. Jones, 520 U.S. 681, 694-95 (1997) (holding no immunity from suit for conduct not taken in official capacity). Plaintiff did not specify whether he brings this suit against President Obama in his official or individual capacity. The complaint, however, viewed in a light most favorable to plaintiff establishes that the suit stems from President Obama's performance of his official duties. The caption lists "Barack Hussein Obama II aka President Barack Obama" as the defendant, and plaintiff alleges that he was injured by President

Obama's performance of official acts—signing allegedly unconstitutional bills and funding proposals into law. Thus, I find that no matter how liberally plaintiff's complaint is construed, the allegations fail to state a claim.

## Conclusion

### Order

Plaintiffs' application to proceed in forma pauperis is granted (#1).

### Finding and Recommendation

For the reasons stated above, I recommend that this court dismiss plaintiff's complaint. Because it is apparent that the deficiencies of the complaint cannot be cured by amendment, I recommend that the dismissal be with prejudice.[1] The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. Failure to file objections within the specified time may waive the right to appeal this order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. Review of the Findings and Recommendation will go under advisement when objections are due or filed, whichever date is earlier.

DATED this 26 day of April 2012.

THOMAS M. COFFIN
United States Magistrate Judge

---

[1] Dismissal with prejudice refers to plaintiff's ability to file another in forma pauperis action raising the same claim. Denton v. Hernandez, 504 U.S. 25 (1992)